the assessment under this law was against the property in which the business was conducted, and was a tax in favor of the state against the realty itself. The reasoning which impels us to place the construction we have on Section 1465-77, does not and could not apply to the assessments based on trafficking in intoxicating liquors.

To adopt the construction which the state claims for this section, in our judgment, would be equivalent to holding that the property, which was owned by plaintiff long prior to the rendition of this judgment or even the existence of the liability which resulted in the judgment, could be taken by the state to pay the judgment debt of the employer.

We, therefore, conclude that the "assets" of DeWitt, which this sub-division makes liable by preference to the satisfaction of the judgment asserted by the state, consists of his equity in the real estate at the time such judgment was obtained after payment of the mortgages then existing, and that the demurrer of plaintiff to the cross-petition of the state should be sustained.

Common Pleas Court of Hamilton County.

STATE EX REL., WRIGHT V. SHERRILL, CITY MANAGER, ET AL.

Decided December 27, 1927.

*Miss Gladys L. Sutton,* for the relator.

*John D. Ellis,* City Solicitor, and *Ralph A. Kreimer,* Assistant City Solicitor, for the Respondents.

DARBY, J.

This is an action in mandamus by which it is sought to compel the officers in charge of the workhouse of the city of Cincinnati, who are also the custodians of the relator, and Frank H. Woesman, commissioner of insolvents of this county, to perform certain statutory duties looking to the release of relator under the Insolvent Debtors Act, from further confinement for default in the payment .of fines assessed against the relator by the Municipal Court for violation of a Municipal ordinance. To the original petition there was a demurrer filed upon three grounds—

1. That several causes of action are improperly joined.

2. That separate causes of action against several defendants are improperly joined.

3. That the petition does not states facts which show a cause of action.

In the amended petition the relator has made certain allegations not contained in the original petition, but which do not affect in any wise the first two grounds of the demurrer, but relate only to the third ground.

The relator sets forth that he is a prisoner in the workhouse of the City of Cincinnati, under commitment from the Municipal Court, in default of the payment of $709.00, being the aggregate of sentences upon three distinct offenses;

That the said relator so imprisoned was to receive a credit upon said amount at the rate of one dollar and a half per day for each day's imprisonment, and that he has been imprisoned more than sixty days, and that he has no means to pay said amount, and is detained only for the reason that he is unable to pay the same.

He further sets forth that the defendants referred to have certain duties to perform under the Insolvent Debtors Act, but which they refuse to perform.

G. C. Sec. 11148 requires that when a person is in custody—

"The officer having such person in custody, if requested by him, shall go with such person before the commissioner of insolvents of the county where he is   *   *   in custody, who shall, if required, make out for such person under his direction, an accurate schedule in writing of all debts by him owning, etc."

G. C. Sec. 11150 provides—

"Except persons confined in workhouses established by municipal corporations, a person who is imprisoned under process for a fine, penalty or costs in a criminal proceeding shall be entitled to the benefit of the two next preceding sections, after he has been imprisoned thereunder for the period of sixty days, unless the judgment in the case requires imprisonment until the fine, penalty or costs be paid."

The petition sets out that the relator has requested the defendants to perform the duties required of them under the sections referred to, but that they and each of them have refused and still refuse to perform the said duties enjoined upon them by the general law for the relief of insolvent debtors.

It is the claim of the relator that that part of said Sec. 11150 which provides—

"Except persons confined in workhouses established by municipal corporations",
and G. C. Sec. 4129 which provides—
"No person committed or held in default of the payment of a fine, penalty or costs of a prosecution shall be released under the laws providing for the relief of insolvent debtors"

which last section applies to municipal workhouses, are void and of no effect, and therefore that the relator is entitled to the benefit of the provisions of the Insolvent Debtors Act, as if said provisions were not contained in them.

The demurrer as to the first two grounds thereof, may

be promptly disposed of. It has been held that where officers are required by law to perform successive acts as to which the relator is entitled to mandamus, that he is not required to bring separate actions against said officers, but may join all officials "having control of the legal machinery to affect that purpose, although they act by separate successive steps". *State ex rel., Turner* v. *Villiage of Bremen,* Abs. (Supreme Court) June 4, 1927, p. 364; (O. L. R. April 4, 1927, p. 280.) While the petition does not allege with that clearness that is desirable, that the relator has asked the keepers of the workhouse to take him before the insolvent commissioner, yet as that is the only duty they would have to perform under the law, and as it is alleged that he has requested them to perform the duties required of them and they have failed, the allegation will be held sufficient for the purpose of this demurrer.

This brings into view immediately the question as to whether or not the petition states facts which show a cause of action.

The claim of the relator is that G. C. Sec. 11150, insofar as it excepts from the operation of law persons confined in municipal workhouses, and that part of Sec. 4129 to the same effect, are unconstitutional and void, for the following reasons—

1. That G. C. Sec. 11150 is a law of general nature and it not of uniform operation throughout the state, and therefore contravenes Art. II, Sec. 26 of the Constitution of Ohio.

2. That said law is invalid and inoperative, for the reason that the same is discriminatory as between persons confined in workhouses and jails, for the same identical offense.

3. That the law is in contravention of the fourteenth amendment of the Constitution of the United States, which forbids any state to "deny to any persons within its jurisdiction the equal protection of the laws."

It was conceded in argument that the relator is confined in the workhouse for default in payment of fines and costs, under sentence of the Municipal Court, for violation of a municipal ordinance forbidding the possession of intoxicating liquor.

It is conceded that the commitments were upon sentences which ordered that the relator be confined until said amount of money was paid, secured to be paid, or until he is otherwise legally discharged by due course of law, said person so imprisoned to receive a credit upon such amount of money at the rate of a dollar and fifty cents per each day's imprisonment.

In the case of *Kohler* v. *State ex rel Goldstein*, 24 O. App. 223 (O. L. R. Sept. 12, 1927) the Court of Appeals of Cuyahoga County held—

"6. Under Sections 11148-11155 G. C. insolvent person convicted in magistrate's court for violation of liquor laws under Sec. 6212-17, sentenced to pay fine and to remain in county jail until paid or otherwise discharged by law, may be discharged by commissioner on finding of insolvency, and after serving sixty days a mandamus will issue to compel such discharge; Sections 4129 and 4140 referring to workhouses not being applicable."

The sheriff of Cuyahoga County made a motion in the Supreme Court to certify the case, which motion was, on March 29, 1927, overruled as appears in the proceedings of the Supreme Court, O. L. R. April 4, 1927, p. 280. The overruling of the motion for an order directing the Court of Appeals to certify its record establishes the authority of *Kohler* v. *State ex rel* as the law of Ohio, and is binding on this Court; so that persons confined in jails in default of the payment of fine and costs in cases are entitled to the benefit of the Insolvent Debtors Act.

Art. II, Sec. 26 of the Constitution of Ohio is very simple in its provision, and seemingly well understood. It provides—

"All laws of a general nature shall have a uniform operation throughout the state * * ."

It is very clear that chapter 6, title 3 of the Code of Ohio, relating to insolvent debtors is a law of a general nature, operating uniformly throughout the State of Ohio, and so far as the examination of this Court has discovered, applies to all persons uniformly throughout the state, with the single exception contained in the section involved, namely, 11150. That section is contained within the

group of sections pertaining to the commissioners of insolvents, their appointment, duties and responsibilities. The introductory section to that group provides that—

"The probate court in each county shall appoint a commissioner of insolvents, who shall give bond * * for the faithful discharge of his duties."

The next section provides for the location of his office, and how vacancies shall be filled. Then follows a general section, 11148, providing for the application by a person imprisoned on civil process to be taken before such commissioner for examination.

As stated above, all the proceedings relative to insolvent debtors and the appointment of a commissioner of insolvents are of the most general operation, and the subject matter is one of a general nature.

It has been settled in the case of *Kohler* v. *State ex rel, infra,* that a person confined in jail in default of the payment of a fine for violating the liquor law of the state, is entitled to the benefits of the Insolvent Debtors Act after sixty days' confinement.

It is the claim of the defendants in this case that this relator is not entitled to the benefits of that act, though his crime is identical, though the sentence is the same, merely for the reason that he is confined in a municipal workhouse. Whether a person is confined in a workhouse or jail in default of the payment of fine and costs, he may be required to do labor in payment of such fine.

G. C. Sec. 12376 provides —

"When, under the provisions of law, a convict may be imprisoned in the county jail, the court upon recommendation of the prosecuting attorney, may sentence such convict to hard labor therein; and when a person may be committed to jail for the non-payment of fines and costs, the court may commit him to hard labor therein, until the value of his labor at the rate of $1.50 a day equals such fine and costs, provided that no commitment under this section shall exceed six months, and this section shall not affect the laws relating to workhouses."

Sec. 12377 provides—

"Persons committed to jail by a court or magistrate for non-payment of fines or costs, or convicts sentenced to hard labor in the jail of the county, which for this

purpose is co-extensive with the county, shall perform labor under the direction of the commissioners of the county who may adopt such orders, rules and regulations in relation thereto as they deem best, and the sheriff and other officer having the custody of such persons or convicts, shall be governed thereby. The sheriff of the county shall collect the proceeds of the labor of such convicts, pay it into the treasury, take the treasurer's duplicate receipts therefor, and forthwith deposit one of them with the county auditor."

While it may be conceded generally, that jails are places of detention of prisoners awaiting trial, they may also be penal institutions in which the convict may serve his term of imprisonment or be confined in default of payment of fines and costs; so that in effect there is no difference between a workhouse and a jail when it comes to the matter of confinement under sentence or in default of fines and costs in criminal cases.

To test the uniformity of this general law, consideration need only be given to the Goldstein case in Cleveland and this case in Cincinnati. In the Goldstein case the prisoner was committed to jail in default of payment of fine and costs for violating the state law forbidding possession of liquor. He is held by the Court of Appeals and Supreme Court to be entitled to the benefit of the Insolvent Debtors Act.

In Cincinnati the relator is confined in the city workhouse under conviction for the violation of a municipal ordinance forbidding the possession of liquor, and it is sought to deny him the benefits of this law simply because of place where he is detained.

To apply another test as to the uniformity of the law, it is well known that the City of Norwood, a municipal corporation, has no workhouse. One convicted of violation of this law by the mayor of Norwood, would be sentenced to jail by him, and would be entitled to the benefits of the Insolvent Debtors Act, whereas the relator, for the same offense against the ordinances of the city of Cincinnati, would not be entitled to this benefit, merely because Cincinnati has a workhouse. Or, again, one might be charged in the Municipal Court with the violation of an ordinance. another with the violation of the state law. The former would be sent to the workhouse, the latter to the county

jail. The prisoner in the county jail would be entitled to discharge after sixty days, if insolvent, while the prisoner in the workhouse under sentence to pay $709.00 fine as in this case, would be detained in the workhouse more than 400 days.

It would seem that enough has been said, if the mere wording of the statute is not sufficient, to show the lack of uniformity of operation of this law throughout the state. There can be no reason in locality or by way of classification, as to why two men guilty of the same offense, subject to the same penalty, should be treated so differently merely because of the court in which they may be charged, or of the county or municipality in which they may be charged. This Court has jurisdiction by special enactment of violation of the liquor statutes, but this Court is without power to sentence one to a municipal workhouse in the absence of a contract between the city and the county commissioners, and if there were such a contract, should the question as to whether a convict should have the benefit of the Insolvent Debtors Act depend upon the whim of the judge as to whether he will commit a prisoner to the workhouse or sentence him to jail in default of the payment of fine and costs?

Under present laws, and by the authority of the case of *Kohler* v. *State, ex rel, infra,* any person committed to jail in default of payment of fine and costs is entitled to the benefit of the Insolvent Debtors Act after sixty days' imprisonment.

The Court is of the opinion that G. C. Sec. 11150 is a law of a general nature; that it does not have uniform operation throughout the State of Ohio; it is discriminatory and does deny to the relator in this case the equal protection of the laws, in that it imposes upon him a greater hardship than was imposed in the Goldstein case, and would be imposed upon any one in similar circumstances, if this exception relating to workhouses in municipal corporations could be sustained.

The opinion of the Court therefore is that the demurrer should be overruled, and if the defendants do not wish to answer further, that a peremptory writ of mandamus should issue commanding the defendants to perform the duties imposed upon them by the statutes referred to.